FILED

2013 NOV -7 P 2:19

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### COURT FILE NO. 3:13-CV-1376-J-25MCR

| | |
|---|---|
| SAMUEL J. MARTINO and DIANA J. MARTINO, <br><br> Plaintiffs <br><br> v. <br><br> SELECT PORTFOLIO SERVICING, INC., <br><br> Defendant. | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** <br><br> **INJUNCTIVE RELIEF SOUGHT** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; and the Florida Consumer Collection Practices Act, §§ 559.55-559.785, Fla. Stat.; and breach of contract.

3. Venue is proper in the Middle District of Florida because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Samuel J. Martino is a natural person who resides in St. Johns County, State of Florida, and is a person with standing to bring a claim under the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collections Practices Act ("FCCPA") by virtue of being directly affected by a violation of these Acts, to wit Mr. Martino has been subjected to Defendant's illegal and improper debt collection activities.

5. Plaintiff Diana J. Martino is a natural person who resides in St. Johns County, State of Florida, and is a person with standing to bring a claim under the FDCPA and the FCCPA by virtue of being directly affected by a violation of these Acts, to wit Mr. Martino has been subjected to Defendant's illegal and improper debt collection activities.

6. Defendant Select Portfolio Servicing, Inc. ("SPS") is a foreign profit corporation, and at all times material, provided financial services to individuals and consumers residing in Florida, including Plaintiffs, was registered to conduct business in Florida, maintained agents for its customary transaction of business in Florida, and violated federal and state law in Florida as described below.

## FACTUAL ALLEGATIONS

7. On March 27, 2008, Washington Mutual Bank, FA, filed a foreclosure complaint against Mr. and Mrs. Martino, in the Circuit Court of the Seventh Judicial Circuit of Florida regarding the Note and Mortgage ("Loan Documents") for Mr. and Mrs. Martino's property located in St. Johns County, Florida ("Subject Property"), Case No. 2008-CA-684 ("Foreclosure Action").

8. Defendants defaulted on the Loan Documents on December 1, 2007.

9. JPMorgan Chase Bank, N.A. ("Chase"), began servicing Plaintiff's loan on September 25, 2008.

10. On March 5, 2013, Plaintiffs and Chase reached a settlement of the foreclosure action wherein a mutual release of all "claims, counterclaims, demands, causes of action, rights, remedies, obligation, damages, costs, expenses, attorneys' fees and liabilities." The redacted "Settlement and Release Agreement" is attached as "Exhibit A."

11. SPS began servicing Plaintiff's loan on October 1, 2013.

12. Plaintiffs believe and would therefore allege that SPS was assigned and/or delegated on contractual responsibilities regarding the Subject Property from Chase.

13. Plaintiffs believe and therefore would allege that Chase provided SPS with documents that imparted knowledge on SPS of the status of the Subject Property, as described below.

14. As such, SPS began servicing the subject loan while it was in default.

15. Around this time, Plaintiffs began receiving phone calls from SPS. The callers state that the calls are attempts to collect a debt, and the callers seek payment in the amount of over $900,000.

16. The callers ask if Plaintiffs are the owners of the Subject Property.

17. Plaintiffs attempted to explain that Plaintiffs consented to judgment in the Foreclosure Action and entered into the Settlement and Release Agreement.

18. Plaintiffs explain that they are no longer the owner is a settlement was reached in the Foreclosure Action wherein Plaintiffs consented to judgment of foreclosure with respect to the Subject Property.

19. Over ten times, Plaintiffs attempted to identify their foreclosure defense attorneys to the caller in an attempt to have the caller straighten out his own problem, but the caller was not interested.

20. Plaintiffs have spoken with John Michael Stewart and Suzanne Brown. Ms. Brown did a three-way call with a male from SPS's collection department, but after a while the gentleman said that it was too confusing for him to straighten out, and that they have no idea how to correct the problem, and so the calls will continue.

21. Plaintiffs have called Defendant in an attempt to fix the problem, but cannot get anyone to fix the problem.

22. On October 21, 2013, SPS told Plaintiffs that they must provide proof of that they are no longer the owner of the Subject Property.

23. Plaintiffs received a letter from SPS dated October 11, 2013, containing the following important statements:

    a. "As the servicer for your mortgage loan, SPS is collecting the debt on behalf of U.S. Bank NA . . . ."

    b. "As of October 11, 2013, our records show that the amount of debt you owe is $906,680.55."

    c. "This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose."

24. This letter was mailed after Plaintiffs had multiple communications with SPS regarding them not owing this money, and them not being owner of the Subject Property.

25. Additionally, SPS has sent Plaintiffs letters stating that Plaintiffs must purchase insurance for the Subject Property or SPS will charge them for insurance.

26. SPS has also sent Plaintiffs letters stating that they will be charged interest for principal on the Subject Property.

27. Plaintiffs believe and therefore would allege that SPS has falsely reported the above-described matters on their credit report.

28. In summary, despite numerous attempts by Plaintiffs to explain the situation to SPS represenatives, SPS has been unwilling and/or unable to prevent improper debt collection letters and calls to Plaintiffs. As a result, Plaintiffs cannot help but be subject to constant calls and letters regarding a debt they do not owe.

## CAUSES OF ACTION

### COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT—15 U.S.C. § 1692 *et seq.*

29.   Plaintiffs re-allege Paragraphs 1-28 here.

30.   Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3), as they are natural persons obligated or allegedly obligated to owe a debt as per the Loan Documents, and SPS's debt collection calls and letters; and are persons with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act, to wit Plaintiffs have been subjected to Defendant's improper debt collection activities that include attempting to enforce a debt that has been released, and is no longer owed.

31.   Defendant is a "debt collector," as the term is used and interpreted under 15 U.S.C. § 1692(a)(6), to wit Defendant became servicer of the debt while it was in default. See, e.g., Scholosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003) ("[T]he Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee . . ."). Further, Defendant represents itself as a debt collector in its calls and letters to Plaintiffs.

32.   The debt on which Defendant is attempting to collect is a "debt" within the meaning of section 15 U.S.C. § 1692a(5), as the Loan Documents, and SPS's debt collection calls and letters, address an alleged or actual obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

33.   Defendant's letters and calls violate § 1692c(a)(2) because SPS contacted Plaintiffs directly after SPS knew the consumers are represented by an attorney, by way of the Foreclosure Action, which was defended by the undersigned.

34. Defendant's letters and calls violate § 1692d(a)(2) because SPS contacted Plaintiffs directly after SPS knew the consumers are represented by an attorney, by way of the Foreclosure Action, which was defended by the undersigned.

35. Defendant's letters and calls violate §§ 1692e, 1692e(5) by repeatedly mailing and calling Plaintiffs regarding an un-owed debt, and other responsibilities regarding the un-owed debt despite being told numerous times that the subject debt has been settled—as described in detail herein.

36. Defendant's letters and calls violate § 1692e(5) by falsely misrepresenting threatening to take action that cannot legally be taken by stating that Plaintiffs are due and owing, and have responsibilities, with respect to a debt that has been released and with respect to the Subject Property that has been surrendered, and by threatening foreclosure.

37. Defendant is in violation § 1692e(8) by falsely and improperly reporting false negative credit on Plaintiffs' credit report.

38. As a proximate result of Defendant's actions, Plaintiffs are repeatedly faced with upsetting and concerning circumstances concerning a problem that they expected to be finished, and they are now faced with the prospect of having the make an appearance in a foreclosure action.

**Trial by Jury**: Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

### COUNT II: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT—§§ 559.55-.785, FLA. STAT ("FCCPA")

39. Plaintiffs re-allege Paragraphs 1-28 here.

40. At all times material, pursuant to section 559.55(2), Florida Statutes, Plaintiffs were "consumers," as Plaintiffs were natural persons actually or allegedly obligated to pay a debt as per the Loan Documents, and SPS's debt collection calls and letters.

41. The mortgage and note on which Defendant attempted to collect money was a "consumer debt" within the meaning of section 559.55(1), as the Loan Documents, and SPS's debt collection calls and letters address an actual or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

42. Defendant is in violation sections 559.72(5), (6) by falsely and improperly reporting false negative credit on Plaintiffs' credit report.

43. Defendant's letters and calls violate section 559.72(7) by repeatedly mailing and calling Plaintiffs regarding an un-owed debt, and other responsibilities regarding the un-owed debt despite being told numerous times that the subject debt has been settled—as described in detail herein.

44. SPS's debt collection calls and letters violate section 559.72(9), Florida Statutes, by claiming, attempting, or threatening to enforce a debt when SPS knows that the debt is not legitimate, or by asserting the existence of some other legal right when SPS knows that the right does not exist, to wit SPS tells Plaintiffs they have to pay a past due balance to cure a non-existent default, that they must purchase insurance (or SPS will purchase insurance and charge Plaintiffs for it), and that Plaintiffs will be charged interest on un-owed principal.

45. SPS's debt collection calls and letters violate section 559.72(18), Florida Statutes, by communication with Plaintiffs when SPS knows the Plaintiffs are represented by an attorney with respect to the subject debt.

46. As a proximate result of Defendant's actions, Plaintiffs are repeatedly faced with upsetting and concerning circumstances concerning a problem that they expected to be finished, and they are now faced with the prospect of having the make an appearance in a foreclosure action.

**Trial by Jury**: Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

## COUNT III: BREACH OF CONTRACT

47. Plaintiff re-alleges Paragraphs 1-28 here.

48. Plaintiffs performed all conditions, covenants, and promises required to be performed by the Settlement and Release Agreement.

49. The Settlement and Release Agreement constitutes a valid and enforceable contract.

50. The Settlement and Release Agreement is attached as "Exhibit A."

51. Plaintiffs believe and would therefore allege that SPS was assigned and/or delegated on contractual responsibilities regarding the Subject Property from Chase.

52. By communicating with Plaintiffs via phone and letter regarding debt collection with respect to the Subject Property, SPS breached the Settlement and Release Agreement by attempting to enforce the Loan Documents when disputes as to these documents were released.

53. As a proximate result of Defendant's actions, Plaintiffs are repeatedly faced with upsetting and concerning circumstances concerning a problem that they expected to be finished, and they are now faced with the prospect of having the make an appearance in a foreclosure action.

**Trial by Jury**: Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

a) judgment be entered against Defendant for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive

and declaratory relief regarding further collection attempts; injunctive and declaratory relief relating to the parties' obligations under the Loan Documents and Settlement and Release Agreement; and all other relief to which Plaintiffs are entitled; and

b) judgment be entered against Defendant for an award of statutory damages of $1,000.00 pursuant to Florida Statutes § 559.77(2) for each incident for each Plaintiff; for an award of actual damages, and for an award of litigation costs and reasonable attorney's fees for each Plaintiff; injunctive and declaratory relief regarding further collection attempts; injunctive and declaratory relief relating to the parties' obligations under the Loan Documents and Settlement and Release Agreement; and any and all other relief to which Plaintiffs are entitled.

Respectfully submitted,

**PARKER & DUFRESNE, P.A.**

/s/ Austin Brown

Austin Brown, Esq.
Florida Bar No. 96633
Parker & DuFresne, P.A.
8777 San Jose Blvd., Ste. 301
Jacksonville, Florida 32217
Telephone: (904) 733-7766
Facsimile: (904) 733-2919
abrown@jaxlawcenter.com

**Trial Counsel for Plaintiff**